UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Cornucopia Products, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>Bed, Bath & Beyond, Inc.,<br><br>Defendant. | 2:14-cv-1156 JWS<br><br>ORDER AND OPINION<br><br>[Re: Motions at dockets 10 and 14] |

## I. MOTIONS PRESENTED

At docket 10 defendant Bed, Bath & Beyond, Inc. ("BBB") moves to dismiss the original complaint filed by plaintiff Cornucopia Products, LLC ("CP"). CP responds at docket 15, and BBB replies at docket 18. CP moves at docket 14 to amend the original complaint. BBB's response is included in its memo at docket 18. CP replies at docket 19. Oral argument was heard on September 24, 2014.

## II. BACKGROUND

CP alleges that it invents and manufactures various items, including heated towel warming devices for distribution in retail stores. One of its towel warming device customers from time-to-time has been BBB. CP has some items manufactured abroad

in China. CP alleges that its trade secrets are incorporated into towel warming devices. CP's proposed First Amended Complaint ("FAC") sets out three claims. In Count One, CP alleges that BBB misappropriated its towel warming trade secrets. Count Two alleges that BBB tortiously interfered in CP's business expectancy with a Chinese manufacturer. Count Three alleges that BBB breached a contract to purchase towel warming devices from CP.

## III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[1] To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."[2] Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[3] "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."[4]

To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face."[5] "A claim has facial plausibility when the plaintiff pleads

---

[1] *Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

[2] *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

[3] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[4] *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[7]

## IV. DISCUSSION

### A. Motion at Docket 10

BBB's motion at docket 10 asks the court to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. CP's response concedes there are shortcomings in the original complaint, but contends that the defects in the original complaint are cured in the FAC. While CP's response also advances some substantive arguments, in addition to contending that the FAC cures the problems, resolution of the motion to amend at docket 14 will necessarily address them. For these reasons, the motion at docket 10 will be granted. The original complaint will be dismissed, but without prejudice to the motion to amend at docket 14.

### B. Motion at Docket 14

The FAC appears at docket 14-1 as an attachment to CP's motion to amend. BBB argues that the proposed amendment is futile because the FAC still does not state a claim upon which relief may be granted.

---

U.S. 544, 570 (2007)).

[6]*Id.*

[7]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**1. Count One of the FAC**

With respect to Count One alleging misappropriation of trade secrets, BBB argues that "most importantly, there is still no allegation that [BBB] misappropriated the information."[8] The Supreme Court has held that it requires "more than labels and conclusions" for a complaint to satisfy Rule 8(a)(2); the "[f]actual allegations must be enough to raise a right to relief above a speculative level."[9] The complaint "must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"[10] "Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'"[11] Under step one, courts identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth."[12] Then, under step two, courts assume the veracity of "well pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief."[13] "When considering plausibility, courts must also consider an 'obvious alternative explanation' for defendant's behavior."[14] "Where a complaint pleads facts that are

---

[8]Doc. 18 at 5.

[9]*Twombly*, 550 U.S. at 555.

[10]*Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (quoting *Twombly*, 550 U.S. at 557)).

[11]*Id*. (quoting *Iqbal*, 556 U.S. at 679).

[12]*Iqbal*, 556 U.S. at 679.

[13]*Id*.

[14]*Eclectic Properties*, 751 F.3d at 996 (quoting *Iqbal*, 556 U.S. at 682).

'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[15]

Turning to the Count One of the FAC, CP has not made the kind of factual allegations that nudge its "claims across the line from conceivable to plausible."[16] The Arizona Uniform Trade Secrets Act ("AUTSA") defines "misappropriation" as either "[a]cquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means" or "[d]isclosure or use of a trade secret of another without express or implied consent by a person who either:"

> (I) Used improper means to acquire knowledge of the trade secret[;]
> (ii) At the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was derived from or through a person who had utilized improper means to acquire it, was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use or was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use[; or]
> (iii) Before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.[17]

Paragraph 39 of the FAC alleges misappropriation by BBB as follows: "Defendant acquired the designs . . . by strong-arming Plaintiff into selling the design to another company . . . ."[18] Although the first clause of this sentence asserts that BBB acquired CP's designs, the second clause of the sentence contradicts this assertion. Coercing CP to reveal its trade secrets to a third party is not the same thing as

---

[15]*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[16]*Twombly*, 550 U.S. at 570.

[17]A.R.S. § 44-401(2).

[18]Doc. 14-1 at ¶ 39.

acquiring, disclosing or using CP's trade secrets. This is confirmed in paragraph 40 of the FAC, where CP alleges that BBB knew that its actions merely facilitated that other company's acquisition of CP's trade secrets and that BBB profited thereby. Count One of the FAC fails to state a plausible claim, and therefore CP's motion for leave to amend Count One is denied.

**2. Count Two of the FAC**

To establish liability for the tort of intentional interference with a business expectancy, a plaintiff must prove: (1) the existence of a business expectancy; (2) the interferer's knowledge of the expectancy; (3) "intentional interference inducing or causing a . . . termination of the . . . expectancy;" (4) resultant damages; and (5) that the interference was "improper as to motive or means."[19] BBB argues that granting CP leave to amend Count Two, which alleges that BBB intentionally interfered with its business expectancy with an unspecified Chinese manufacturer, would be futile because that claim is preempted by the AUTSA. The AUTSA explicitly states that it "displaces conflicting tort, restitutionary and other laws of this state providing civil remedies for misappropriation of a trade secret."[20] Decisions in this district have explained that the AUTSA does preempt any tort claim based on the alleged misappropriation of trade secret or any other confidential information.[21] Preemption

---

[19]*Wallace v. Casa Grande Union High Sch. Dist. No. 82 Bd. of Governors*, 909 P.2d 486, 494 (Ariz. Ct. App. 1995) (citations omitted).

[20]A.R.S. § 44-407(A).

[21]*See Universal Engraving, Inc. v. Metal Magic, Inc.*, No. CV–08–1944–PHX–GMS, 2012 WL 4358942, at *2 (D. Ariz. Sept. 21, 2012); *Firetrace USA, LLC v. Jesclard,* 800 F. Supp. 2d 1042, 1048 (D. Ariz. July 30, 2010) (Arizona Supreme Court would construe trade secret statute to preempt "all common law claims based on the misappropriation of secret

does not apply here, however, because CP has not alleged a valid claim that BBB misappropriated any of its trade secrets for the reasons discussed above.

BBB also argues that granting leave would be futile because Count Two fails to allege facts to support the third, fourth, and fifth elements of the tort—namely, that BBB's interference was intentional, improper, and caused CP's damages. BBB is wrong as to causation,[22] but right as to intent and impropriety. The "intentional" element of the tort "focuses on the mental state of the actor," whereas the "improper" element "generally is determined by weighing the social importance of the interest the defendant seeks to advance against the interest invaded."[23] The FAC fails to allege that BBB subjectively intended to interfere with CP's business relations; it merely alleges that BBB "knew about" its relationship with the Chinese manufacturer. This is insufficient to state a claim. Further, the FAC alleges that BBB's actions were improper because the "delays and confusion" caused by BBB "frustrated relations between the factory and [CP]."[24] This statement neither asserts, nor plausibly implies, that BBB caused the delays and confusion for some improper purpose or through improper means. The mere fact that delays and confusion resulted from BBB's actions is not enough to state a claim. CP's motion for leave to amend Count Two is denied.

---

information.").

[22]Doc. 14-1 at 7 ¶ 52 ("But for the problems that resulted from Defendant's conduct the factory would still do business with plaintiff.").

[23]*Neonatology Associates, Ltd. v. Phoenix Perinatal Associates Inc.*, 164 P.3d 691, 694 (Ariz. Ct. App. 2007).

[24]Doc. 14-1 at 7 ¶ 53.

**3. Count Three of the FAC**

BBB advances three arguments why CP's third claim should be dismissed. The court need address only one, for it correctly establishes that the breach-of-contract claim fails. The alleged contract between CP and BBB is based on a telephone conversation with a representative of BBB. There is no written contract. In Arizona, as in most states, a contract for the sale of goods worth more than a minimal amount ($500 in Arizona) is unenforceable unless it is in writing and signed by the party against whom it is to be enforced.[25] CP does not even address this Statue of Frauds argument in its reply. CP's motion for leave to add Count Three is denied.

## V. CONCLUSION

For the reasons above, the motion at docket 10 is GRANTED, and the motion at docket 14 is DENIED. The case is dismissed with prejudice. The Clerk will please close the file.

DATED this 24th day of September 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[25]A.R.S. § 44-101.